1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

Rodrigo Fuentes,

              Plaintiff,

   v.

Kevin Speed, et al.,

              Defendants.

Case No. 2:24-cv-00288-APG-DJA

**Report and Recommendation**

        Clark County Detention Center inmate, Plaintiff Rodrigo Fuentes, submitted an application to proceed *in forma pauperis* that did not include a completed financial certificate or an inmate account statement. (ECF No. 4). The Court deferred ruling on that application and required Plaintiff to submit the missing documents. (ECF No. 5). Plaintiff then submitted a renewed application including the missing documents. (ECF No. 6). The Court now screens Plaintiff's complaint and recommends dismissing it without leave to amend because Plaintiff's claims are better brought through a habeas corpus, and not a civil rights, action and because Plaintiff attempts to sue immune defendants. Because the Court recommends dismissing Plaintiff's complaint without leave to amend, it also recommends denying Plaintiff's applications to proceed *in forma pauperis* (ECF Nos. 4, 6) as moot.

## I.    *In forma pauperis* application.

        Plaintiff has filed the forms required to proceed *in forma pauperis*. (ECF No. 6). Plaintiff's forms are now complete and Plaintiff has shown an inability to prepay fees and costs or give security for them. However, as outlined more fully below, upon screening Plaintiff's complaint, the Court finds that dismissal without leave to amend is appropriate. So, the Court will recommend denying Plaintiff's applications to proceed *in forma pauperis* (ECF Nos. 4, 6) as moot.

**II.      Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the

1    Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when

2    federal law creates the cause of action or where the vindication of a right under state law

3    necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277

4    F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the

5    "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a

6    federal question is presented on the face of the plaintiff's properly pleaded complaint."

7    *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal

8    district courts have original jurisdiction over civil actions in diversity cases "where the matter in

9    controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of

10    different states." Generally speaking, diversity jurisdiction exists only where there is "complete

11    diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each

12    of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

13    **III.    Screening Plaintiff's complaint.**

14        Plaintiff sues his public defender, Kevin Speed; the Clark County Public Defender's

15    Office; Judge Michelle Leavitt; the State of Nevada; and the Las Vegas Metropolitan Police

16    Department ("LVMPD") for damages. Plaintiff claims that he was falsely accused of sexual

17    assault without evidence. He alleges that LVMPD failed to provide any real evidence and the

18    State of Nevada held him against his will. He also alleges that, during his trial, he attempted to

19    fire his attorney—Speed—but Judge Leavitt denied Plaintiff's request three times. Plaintiff

20    alleges that Speed waived Plaintiff's speedy trial rights in retaliation for Plaintiff trying to fire

21    him, which waiver Judge Leavitt accepted. Plaintiff also alleges that the state court imposed

22    excessive bail, that Speed refused to file a motion for a bail reduction hearing, and that Judge

23    Leavitt denied Plaintiff's bail motion twice such that Plaintiff has been serving a pretrial sentence

24    for over a year. Plaintiff brings three claims: (1) violation of his Sixth Amendment rights against

25    Speed and Judge Leavitt; (2) violation of his Eighth Amendment rights against Speed and Judge

26    Leavitt; and (3) violation of his Fourteenth Amendment rights against the LVMPD and the State

27    of Nevada.

28

1        ***A.      Claim 1 and Claim 3.***

2              Plaintiff's first and third claims are better brought through a habeas corpus, and not a civil

3    rights, action.  These claims challenge Plaintiff's state court conviction.  So, he must bring his

4    claims through a habeas corpus action.

5              42 U.S.C. § 1983—the statute under which Plaintiff has brought his claims—aims "to

6    deter state actors from using the badge of their authority to deprive individuals of their federally

7    guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade*

8    *v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)).  The statute "provides a federal cause of action

9    against any person who, acting under color of state law, deprives another of his federal rights[,]"

10   *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and is "merely . . . the procedural device for

11   enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*,

12   947 F.2d 1418, 1420 (9th Cir. 1991).  Claims under § 1983 require the plaintiff to allege (1) the

13   violation of a federally-protected right by (2) a person or official who acts under the color of state

14   law.  *Anderson*, 451 F.3d at 1067.

15             However, § 1983 is not a backdoor through which a federal court may overturn a state

16   court conviction or award relief related to the fact or duration of a sentence.  Section 1983 and

17   "the federal habeas corpus statute . . . both provide access to the federal courts 'for claims of

18   unconstitutional treatment at the hands of state officials, . . . [but] they differ in their scope and

19   operation.'" *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck v. Humphrey*,

20   512 U.S. 477, 48 (1994)).  Federal courts must take care to prevent prisoners from relying on

21   § 1983 to subvert the differing procedural requirements of habeas corpus proceedings under 28

22   U.S.C. § 2254.  *Heck*, 512 U.S. at 486-87; *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008).

23             When a prisoner challenges the legality or duration of his custody, raises a constitutional

24   challenge which could entitle him to an earlier release, or seeks damages for purported

25   deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his

26   sole federal remedy is a writ of habeas corpus.  *Edwards v. Balisok*, 520 U.S. 641, 648 (1997);

27   *Heck*, 512 U.S. at 481; *Wolf v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411

28   U.S. 475 (1973); *Simpson*, 528 F.3d at 692-93.  Stated differently, where "a judgment in favor of

1  the plaintiff would necessarily imply the invalidity of his conviction or sentence," then "the

2  complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence

3  has already been invalidated." *Heck*, 512 U.S. at 487.

4        It appears that Plaintiff is challenging the constitutionality of his state court criminal

5  conviction through his first and third claims. Plaintiff's first claim is against Speed and Judge

6  Leavitt for violation of Plaintiff's Sixth Amendment right to a speedy trial. Plaintiff's third claim

7  is against LVMPD and the State of Nevada for violation of Plaintiff's Fourteenth Amendment

8  due process rights by the LVMPD and the State's failure "to provide any real evidence to arrest

9  and hold me against my will."

10        However, a finding that Plaintiff's Sixth Amendment rights to a speedy trial had been

11  violated would necessarily imply that his conviction was invalid. *See Johnson v. Los Angeles*

12  *Police Department*, No. CV 15-7296-BRO (JPR), 2016 WL 836267, at *3 (C.D. Cal. Jan. 5,

13  2016). Similarly, if the Court found that Plaintiff's right to disclosure of evidence material to

14  Plaintiff's guilt or innocence had been violated, that finding would necessarily implicate the fact

15  of his conviction. *See Douglas v. Reese*, No. 6:16-cv-00048-AA, 2018 WL 1513651, at *2-3 (D.

16  Or. March 27, 2018). Consequently, Plaintiff must demonstrate that his conviction has been

17  overturned to proceed in an action under § 1983. As he has not done so, his sole relief for his first

18  and third claims is a habeas corpus action. The Court thus recommends dismissing Plaintiff's

19  first and third claims without prejudice and without leave to amend.

20        **B.**    **Claim 2.**

21        It is unclear if Plaintiff's second cause of action for excessive bail under the Eighth

22  Amendment is properly brought under 42 U.S.C. § 1983 or should be brought as a habeas corpus

23  cause of action. However, even if Plaintiff's claim was properly brought under 42 U.S.C. § 1983,

24  it would fail because he sues immune defendants.

25                1.    <u>42 U.S.C. § 1983 or habeas corpus.</u>

26        A pretrial detainee's excessive bail claim challenging the lawfulness of his current

27  detention generally states a habeas claim, but that claim becomes moot once a defendant has been

28  convicted. *Hood v. Friel*, No. 3:23-cv-00486-MMD-CLB, 2023 WL 7740375, at *3 (D. Nev.

1  Oct. 18, 2023).  After conviction, a claim for past unlawful imprisonment or excessive bail is a

2  civil rights claim for which money damages may be sought, not a habeas corpus claim that affects

3  the fact or duration of the claimant's present confinement.  *Id.*  Here, it is unclear if Plaintiff is

4  awaiting trial or has been convicted.  Plaintiff's complaint appears to suggest that he has already

5  undergone trial, but he also states, "I've been giving [sic] a pretrial sentence of over a year so

6  far."  But even if Plaintiff's claims were properly brought under 42 U.S.C. § 1983, Judge Leavitt

7  and Speed are immune from his claims.

8                    2.        Judge Leavitt is immune from prosecution.

9          Judge Leavitt is immune under the doctrine of judicial immunity.  "Absolute immunity is

10  generally accorded to judges…functioning in their official capacities."  *Olsen v. Idaho State Bd.*

11  *of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).  "This immunity reflects the long-standing general

12  principle of the highest importance to the proper administration of justice that a judicial officer, in

13  exercising the authority vested in him, shall be free to act upon his own convictions, without

14  apprehension of personal consequences to himself."  *Id.*  Judicial immunity applies to claims

15  arising under § 1983.  *Agnew v. Moody*, 330 F.2d 868, 869-870 (9th Cir. 1964).

16          Judicial immunity is subject to certain limitations: "[j]udges are not immune from suit

17  where (1) their actions do not constitute a judicial act, and (2) they have acted in the 'clear

18  absence of all jurisdiction.'"  *Wilson v. Ayers*, No. 2:07-cv-01283-LRH-LRL, 200 WL 1940102,

19  at *2 (D. Nev. July 7, 2009) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). "To

20  determine if a given action is judicial…courts focus on whether (1) the precise act is a normal

21  judicial function, (2) the events occurred in the judge's chambers, (3) the controversy centered

22  around a case then pending before the judge, and (4) the events at issue arose directly and

23  immediately out of a confrontation with the judge in his or her official capacity." *Ashelman v.*

24  *Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986).  "To determine if the judge acted with jurisdiction,

25  courts focus on whether the judge was acting clearly beyond the scope of subject matter

26  jurisdiction in contrast to personal jurisdiction." *Id.* at 1076.  Judges have been found to retain

27  immunity even when they misinterpret the law or when their actions are erroneous and malicious.

28

1    *See Wilson v. Ayers*, No. 2:07-cv-01283-LRH-LRL, 2009 WL 1940102, at \*2 (D. Nev. July 7,

2    2009) (collecting cases).

3          Here, Plaintiff's claims against Judge Leavitt are that she denied Plaintiff's bail motion

4    twice and refused to have a bail hearing.  However, Plaintiff describes Judge Leavitt engaging in

5    a normal judicial function while deciding a case pending before her.  Plaintiff also describes

6    actions Judge Leavitt took in her official capacity.  Judge Leavitt is thus immune from Plaintiff's

7    allegations.

8                      3.        Speed is immune from prosecution.

9          A defendant has acted under color of state law where he or she has "exercised power

10   possessed by virtue of state law and made possible only because the wrongdoer is clothed with

11   the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (quotation omitted).  When

12   public defenders are acting in their role as advocate for a defendant in a criminal case, they are

13   not acting under color of state law for § 1983 purposes. *Jackson v. Brown*, 513 F.3d 1057, 1079

14   (9th Cir. 2008).  Public defenders do not act under color of state law because "a defense lawyer is

15   not, and by the nature of his function cannot be, the servant of an administrative superior.  Held to

16   the same standards of competence and integrity as a private lawyer, a public defender works

17   under canons of professional responsibility that mandate his exercise of independent judgment on

18   behalf of the client." *Polk Cty. v. Dodson*, 454 U.S. 312, 321 (1981) (internal citation omitted).

19         Here, Plaintiff's allegations against Speed include that Speed failed to file a motion for a

20   bail reduction hearing.  Plaintiff describes Speed acting in his role as an advocate for Plaintiff and

21   thus, does not describe Speed working under color of state law for the purposes of a 42 U.S.C.

22   § 1983 claim.  So, Plaintiff's claim, brought under 42 U.S.C. § 1983, fails as a matter of law.

23

24

25

26   //

27   ///

28   ///

1    **IT IS THEREFORE RECOMMENDED** that Plaintiff's applications to proceed *in*

2    *forma pauperis* (ECF Nos. 4, 6) be **denied as moot.**  The Clerk of Court is kindly directed to send

3    Plaintiff a copy of this report and recommendation.

4    **IT IS FURTHER RECOMMENDED** that Plaintiff's complaint (ECF No. 1-1) be

5    **dismissed without leave to amend.**

6

7    <u>**NOTICE**</u>

8    Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be

9    in writing and filed with the Clerk of the Court within fourteen (14) days after service of this

10   Notice.  The Supreme Court has held that the courts of appeal may determine that an appeal has

11   been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474

12   U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986).  The Ninth Circuit has also held that

13   (1) failure to file objections within the specified time and (2) failure to properly address and brief

14   the objectionable issues waives the right to appeal the District Court's order and/or appeal factual

15   issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991);

16   *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

17

18   DATED: May 21, 2024

19

20   _____
     DANIEL J. ALBREGTS
     UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28